**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| DEBORAH EVANS, *et al.,* ) | |
| ) | |
| *Petitioners,* ) | |
| ) | |
| v. ) | No. 20-1161 (consolidated |
| ) | with Nos. 20-1171, 20-1172, |
| FEDERAL ENERGY REGULATORY ) | 20-1180, 20-1198) |
| COMMISSION, ) | |
| ) | |
| *Respondent,* ) | |
| ) | |
| JORDAN COVE ENERGY PROJECT ) | |
| L.P., *et al.,* ) | |
| ) | |
| *Respondent-Intervenors.* ) | |

**JOINT PROPOSAL OF ALL PARTIES TO**
**ESTABLISH A FORMAT AND SCHEDULE FOR BRIEFING**

Petitioners,[1] Respondent,[2] and Respondent-Intervenors[3] have conferred and jointly submit this proposal to establish the format and schedule for briefing of the above-captioned consolidated cases.

## I. PROPOSED BRIEFING FORMAT AND SCHEDULE

The parties jointly propose the format and schedule for briefing set forth in the

---

[1] Petitioners in No. 20-1161 are Deborah Evans, Ronald C. Schaaf, Evans Schaaf Family LLC, Bill Gow, Sharon Gow, Wilfred E. Brown, Elizabeth A. Hyde, Barbara L. Brown, Pamela Brown Ordway, Chet N. Brown, Neal C. Brown Family LLC, Stacey McLaughlin, Craig McLaughlin, Richard Brown, Twyla Brown, Clarence Adams, Stephany Adams, Will McKinley, Wendy McKinley, Frank Adams, Lorraine Spurlock, Toni Woolsey, Alisa Acosta, Gerrit Boshuizen, Cornelis Boshuizen, John Clarke, Carol Munch, Ron Munch, Mitzi Sulffridge, James Dahlman, and Joan Dahlman (collectively, "Landowner Petitioners").

Petitioners in Nos. 20-1171 and 20-1180 are Rogue Riverkeeper, Rogue Climate, Cascadia Wildlands, Center for Biological Diversity, Citizens for Renewables/Citizens Against LNG, Friends of Living Oregon Waters, Oregon Physicians for Social Responsibility, Oregon Wild, Oregon Women's Land Trust, Sierra Club, Waterkeeper Alliance, and Natural Resources Defense Council, Inc. (collectively, "Conservation Petitioners").

Petitioners in Nos. 20-1172 are the Confederated Tribes of the Coos, Lower Umpqua and Siuslaw Indians, and the Cow Creek Band of Umpqua Tribe of Indians (collectively, "Tribal Petitioners").

Petitioners in No. 20-1198 are the Oregon Department of Energy, Oregon Department of Environmental Quality, Oregon Department of Fish and Wildlife, Oregon Department of Land Conservation and Development, and the State of Oregon (collectively, "State Petitioners").

[2] Respondent is the Federal Energy Regulatory Commission ("FERC").

[3] Respondent-Intervenors are Jordan Cove Energy Project, L.P., and Pacific Connector Gas Pipeline, LP.

following table:[4]

| Document | Deadline | Word Limit |
|---|---|---|
| Petitioners' Opening Briefs:<br><br>(1) State Petitioners<br>(2) Tribal Petitioners<br>(3) Landowner and Conservation Petitioners | January 22, 2021 | (1): 10,000<br><br>(2) and (3): 16,500 in the aggregate<br><br>(26,500 total in the aggregate, divided among 3 briefs) |
| Respondent's Brief | April 22, 2021 (or 90 days after deadline for Petitioners' Opening Briefs, whichever is later) | 26,500 words |
| Respondent-Intervenors' Brief | May 6, 2021 (or 14 days after deadline for Respondent's Brief, whichever is later) | 18,550 words |

---

[4]    The briefing format and schedule are proposed jointly, except that Respondent and Respondent-Intervenors do not believe that the total number of words (26,500) that Petitioners request for their opening briefs is necessary. In the view of Respondent and Respondent-Intervenor, 26,500 words exceeds what this Court has allowed in other similar multi-party challenges to FERC natural gas infrastructure authorizations, such as in *Appalachian Voices v. FERC*, No. 17-1271 (order of Aug. 30, 2018) (21,500 words for petitioners' joint opening brief), and *Atlantic Coast Pipeline, LLC v. FERC*, No. 18-1224 (order of Mar. 13, 2019) (21,800 words in aggregate for project opponent petitioners' opening briefs). Petitioners state that neither *Appalachian Voices* nor *Atlantic Coast Pipeline* involved a state, state agency, or tribe opposed to the project as petitioners, and neither involved a state agency represented by the attorney general's office, such as the case here.

| | | |
|---|---|---|
| Petitioners' Reply Briefs:<br><br>(1) Landowner Petitioners and Conservation Petitioners<br>(2) Tribal Petitioners<br>(3) State Petitioners | June 15, 2021 (or 40 days after deadline for Respondent-Intervenors' Brief, whichever is later) | (1), (2), and (3): 13,250 words in the aggregate |
| Joint Deferred Appendix | Parties will submit the final Joint Appendix by June 29, 2021 (or 14 days after the deadline for Petitioners' Reply Briefs, whichever is later). To facilitate timely preparation of this appendix, parties will exchange designations with each other on a rolling basis, after filing of each brief. | |
| Final Briefs | July 6, 2021 (or 7 days after final deadline for Joint Appendix, whichever is later) | |

## II.   JUSTIFICATION FOR PROPOSED BRIEFING FORMAT

### A.   Petitioners' Opening Briefs[5]

These consolidated proceedings involve five separate petitions for review of

---

[5]      The discussion in subsections II.A-D is presented solely on behalf of Petitioners. Respondent and Respondent-Intervenors do not join this discussion.

FERC's Certificate Order[6] and Rehearing Order,[7] authorizing the construction and operation of the Jordan Cove Energy Project L.P. and Pacific Connector Gas Pipeline, LP (collectively, "JCEP").[8] The interests that the various undersigned Petitioners seek to protect, the errors that they allege, and the facts underlying those alleged errors are numerous and distinct. In order to avoid duplication of overlapping facts and issues, counsel for the Petitioners have coordinated and propose to file three opening briefs. One brief will be submitted on behalf of the State Petitioners. The second brief will be submitted on behalf of the Tribal Petitioners, and the third brief will be submitted on behalf of the Landowner and Conservation Petitioners.

The State Petitioners' request for a separate brief is consistent with this Circuit's rules, which recognize the unique status of States. While the Court's general rule is that aligned petitioners, intervenors, and/or amici should submit a joint brief, DC Circuit Rule 28(d)(4) provides an exception for governmental intervenors, including States. Similarly, DC Circuit Rule 29(d) provides the same opportunity with respect to amicus

---

[6]     Order Granting Authorizations Under Sections 3 and 7 of the Natural Gas Act, Jordan Cove Energy Project, L.P., Pacific Connector Gas Pipeline, LP, 170 FERC ¶ 61,202 (March 19, 2020).

[7]     Order on Rehearing, Jordan Cove Energy Project, L.P., Pacific Connector Gas Pipeline, LP, 171 FERC ¶ 61,136 (May 22, 2020).

[8]     Petitioners do not foresee a challenge here to FERC's Order Granting Rehearing for Further Consideration, *Jordan Cove Energy Project, L.P., Pacific Connector Gas Pipeline, LP,* (May 18, 2020) (tolling order), given this Court's recent ruling in *Allegheny Def. Project v. Fed. Energy Regulatory Comm'n*, 964 F.3d 1 (D.C. Cir. 2020).

briefs.

The State Petitioners request a separate brief to raise matters related to the State's regulatory authority. The Oregon Department of Environmental Quality has jurisdiction to regulate and certify water quality pursuant to the Clean Water Act, while the Oregon Department of Fish and Wildlife has jurisdiction to regulate fish and wildlife resources. The Oregon Department of Land Conservation and Development is charged with administering the State's comprehensive land use planning program and coastal program, while the Oregon Department of Energy has jurisdiction over the State's energy policy. FERC's decision to authorize the construction and operation of the JCEP directly and negatively impacts the State Petitioners' ability to carry out their respective regulatory roles, in violation of federal law. The State Petitioners, therefore, have a direct and substantial interest in these consolidated proceedings—interests that cannot be adequately represented by any other party.

The Tribal Petitioners request a separate brief to raise the unique matters related to the protection of cultural and archaeological resources, matters not raised by any other party and of extreme sensitivity to the Tribal Petitioners. Tribal Petitioners are uniquely situated from other parties, as federally-recognized sovereign tribal governments. The unique role of Tribal Petitioners in the protection of cultural and archaeological resources is specifically recognized by the National Historic Preservation Act, federal regulations, FERC policies, and executive orders. It is inappropriate for other parties to argue the role of the Tribes in cultural resource protection and

protections needed for tribal cultural and archaeological resources.

The Landowner and Conservation Petitioners request a separate brief to raise statutory and constitutional challenges related to environmental protection, property rights, and responsible energy development that are separate and distinct from the issues of concern for the State Petitioners or Tribal Petitioners. Landowner and Conservation Petitioners comprise three of the five petitions for review filed with the Court, but propose a single brief to avoid duplication.

Additionally, due to the number and complexity of factual and legal issues underlying the five separate petitions for review, Petitioners respectfully request that the Court allow Petitioners to submit opening briefs with a maximum of 26,500 words in the aggregate. While Petitioners recognize that this request is a significant expansion of this Circuit's word limit, it is fewer words than if the final FERC orders were briefed and heard separately by the Court. The space needed to address the different issues raised by the parties challenging FERC's Orders are as follows:

## Petitioners' Opening Briefs

The word allotment for each issue raised by the undersigned Petitioners as follows:

**B.     State Petitioners' Brief: 10,000 word count total**

State Petitioners' request for rehearing in this matter amounted to 21,083 words (FERC Accession Number 20200420 5207). State Petitioners anticipate needing at least 10,000 words to adequately brief claims in this litigation that do not overlap with claims

brought by the Landowner and Conversation Petitioners and the Tribal Petitioners. State Petitioners anticipate their brief will require 10,000 words, allocated as follows:

1) State Petitioners estimate that the Jurisdictional Statement, Statement of Issues, Statutes and Regulations, and Statement of the Case will require **2,500 words**. This section will also include State Petitioners' Summary of Argument.

2) State Petitioners estimate that addressing whether FERC violated the APA and NGA by issuing the Certificate Order and Rehearing Order despite JCEP's failure to receive certification under the Clean Water Act, Clean Air Act, and Coastal Zone Management Act, will require **3,750 words**.

3) State Petitioners estimate that addressing whether FERC violated the NGA and NEPA by underestimating or ignoring numerous environmental impacts that will result from the construction and operation of the JCEP--including impacts to fish and wildlife habitat, impacts to threatened and endangered species, impacts to water quality, and impacts to greenhouse gas emissions and climate change--will require **3,750 words**.

**C.    Tribal Petitioners' Brief: 3,500 word count total**

Tribal Petitioners request for rehearing in this matter amounted to 14,043 words (FERC Accession Number 20200420 5293). Tribal Petitioners anticipate needing at least 3,500 words to adequately brief claims in this litigation that do not overlap with claims brought by Landowner and Conservation Petitioners and the State Petitioners. Tribal Petitioners anticipate their brief will require 3,500 words, allocated as follows:

1) Tribal Petitioners estimate that the Jurisdictional Statement, Statement of Issues, Statutes and Regulations, and Statement of the Case will require **1,000 words**. This section will also include Tribal Petitioners' Summary of Argument.

2) Tribal Petitioners estimate that addressing whether FERC failed to properly assess the environmental impacts of the projects under the National Environmental Policy Act ("NEPA") will require an estimated **1,000 words**. Tribal Petitioners intend to raise two distinct violations of NEPA, addressing FERC's failure to (1) meaningfully evaluate impacts of the projects on cultural resources and (2) adequately assess impacts of greenhouse gas emissions.

3) Tribal Petitioners estimate that addressing whether FERC failed to properly comply with the National Historic Preservation Act ("NHPA") will require an estimated **1,500 words**.

**D.    Landowner and Conservation Petitioners' Brief: 13,000 word count total**

Landowner and Conservation Petitioners' requests for rehearing in this matter amounted to 79,762 words: 46,784 words for Landowners and the Rogue Riverkeeper, et al., petitioners, (FERC Accession Number 20200420 5239), and 32,978 words for Natural Resources Defense Council, Inc. (Accession Number 20200420 5169). Landowner and Conservation Petitioners anticipate needing at least 13,000 words to adequately brief claims in this litigation that do not overlap with claims brought by the State Petitioners and the Tribal Petitioners.

Landowner and Conservation Petitioners anticipate their brief will require 13,000 words, allocated as follows:

1) Landowner and Conservation Petitioners estimate that the Jurisdictional Statement, Statement of Issues, Statutes and Regulations, and Statement of the Case will require **3,000 words**. This section will also include Landowner and Conservation Petitioners' Summary of Argument.

2) Landowner and Conservation Petitioners will address whether FERC violated the Natural Gas Act ("NGA"), Administrative Procedure Act, and Takings Clause of the U.S. Constitution in concluding that the pipeline and terminal were in the public interest for purposes of sections 3 and 7 of the NGA, by, *inter alia*, failing to demonstrate that there was a market need for the project, that the project would provide benefits, that those benefits would accrue to the "public," or that such benefits outweighed evidence of adverse impacts. Specifically, Landowners and Conservation Petitioners will address: (1) why gas that is exported is not transported in interstate commerce; (2) why exported gas provides no public benefit under either the NGA or the Takings Clause; (3) why, in any event, the project provides no public benefits under the NGA or Takings Clause for exporting Canadian gas; (4) why the project provides no public benefits under the NGA or Takings Clause because there are no customers for the gas; (5) why there is no demonstrated market need for the project; and (6) why FERC's approval of the project was arbitrary and capricious.

Landowners and several environmental petitioners required 7,684 words to address this issue in the joint rehearing request filed with FERC. In this Court, Landowner Petitioners' Motion for Summary Vacatur used approximately 4,000 words to cover some of these same issues in abbreviated form, and believe that **5,000 words** is required for the more thorough legal and factual presentation necessary for the merits panel.

3) Landowner and Conservation Petitioners estimate that addressing whether FERC failed to take a hard look at impacts on aviation will require at least **1,000 words.**

4) Landowner and Conservation Petitioners estimate that addressing whether FERC failed to take a hard look at impacts on forest fires in the affected area will require at least **1,000 words.**

5) Landowner and Conservation Petitioners estimate that addressing whether FERC failed to rigorously explore alternative terminal designs, including alternate designs for generation and use of power on site, and for ship slips and berths, will require at least **2,000 words**. These claims required 2,226 words in the rehearing request.

6) Landowner and Conservation Petitioners estimate that addressing whether FERC's discussion and dismissal of the no-action alternative satisfied NEPA will require **1,000 words**.

**E.     Response Briefs**

Respondent's response brief will be allotted the same total number of words

11

allotted to Petitioners' opening briefs.

Respondent-Intervenors Jordan Cove Energy Project, L.P., and Pacific Connector Gas Pipeline, LP (collectively, "Project Developers") respectfully request that the Court increase the word allocations for responsive briefs in proportion to any increase allowed Petitioners, to maintain the proportions reflected in Federal Rule of Appellate Procedure 32 and Circuit Rule 32, such that the joint response brief for respondent-intervenors will be allotted 70% of the aggregate to Petitioners' opening briefs. In particular, if the Court allows Petitioners 26,500 words in aggregate for their joint opening briefs, it should allow the Project Developers to file a 18,550-word intervenor brief. In prior cases involving multiple petitions for review of Commission orders authorizing the construction and operation of other natural gas infrastructure projects, this Court has proportionately increased the length of the brief for the respondent-intervenor project developer in this manner. *E.g.*, Order, *Appalachian Voices v. FERC*, No. 17-1271 (D.C. Cir. Aug. 30, 2018) (Doc. 1748304) (briefing order authorizing petitioner, respondent, and respondent-intervenor to file briefs that each exceed the standard word limit by approximately 65%); Order, *City of Boston Delegation v. FERC*, No. 16-1081 (D.C. Cir. June 23, 2016) (Doc. 1621419) (similar, authorizing briefs 50% above default word limits for petitioner, respondent, and respondent-intervenor).

As the Project Developers explained in their motion to intervene, as the entities investing billions of dollars to construct and operate the natural gas pipeline and export

12

facilities authorized in the FERC orders challenged in these consolidated appeals, the Project Developers have a unique and complementary interest in this case that will not be otherwise represented by the Commission. If the Court were to allow Petitioners to file briefs that in aggregate substantially exceed the standard word limit, without allowing Project Developers a proportionate increase in the standard word limit for an intervenor brief, it would significantly limit and likely prejudice the Project Developers' ability to protect their interests in this litigation.

With respect to the briefing schedule proposed in Section I above, the Project Developers do not oppose the timing that petitioners have chosen to propose for filing their opening briefs.  However, the Project Developers' general preference is for these appeals to be briefed and decided expeditiously, so that all parties can benefit from timely resolution of the issues to be raised.

## F.     Reply Briefs

Reply briefs for Landowner and Conservation Petitioners will be allotted **<u>13,250 words</u>** in the aggregate, to be divided among up to three reply briefs as Petitioners see fit.  This figure is one-half the length of the aggregate number of words allotted for Petitioners' opening briefs, in accordance with Fed. R. App. P. 32(a)(7)(B)(ii).

## CONCLUSION

For the foregoing reasons, the undersigned parties respectively request that the Court enter an order adopting the format and schedule for briefing set forth herein.

//

13

By:     /s/ Philip Thoennes

Ellen F. Rosenblum
  Attorney General
Benjamin Gutman
  Solicitor General
Philip M. Thoennes
  Assistant Attorney General
Inge D. Wells
  Assistant Attorney General
Oregon Department of Justice
1162 Court St. NE
Salem, Oregon 97301-4096
(503) 378-4402
philip.thoennes@doj.state.or.us
inge.wells@doj.state.or.us

*Attorneys for the State of Oregon, acting by and through its Department of Environmental Quality, Department of Land Conservation and Development, Department of Fish and Wildlife, and Department of Energy*

/s/ Richard Eichstaedt

Richard K. Eichstaedt
Wheat Law Offices
25 West Main Avenue, Suite 320
Spokane, Washington 99201
(509) 251-1424
rick@wheatlawoffices.com

*Attorney for the Confederated Tribes of Coos, Lower Umpqua and Siuslaw Indians*

/s/ Anthony Broadman
Anthony S. Broadman
Amber V. Penn-Roco
Galanda Broadman, PLLC
8606 35th Ave NE, Suite L 1
Seattle, Washington 98115
(206) 557-7509
anthony@galandabroadman.com
amber@galandabroadman.com

*Attorneys for the Cow Creek Band of Umpqua Tribe of Indians*


/s/ Nathan Matthews
Nathan Mathews
  Senior Attorney
Sierra Club
2101 Webster St., Suite 1300
Oakland, CA 94612
(415) 977-5695
nathan.mathews@sierraclub.org

*Attorney for Cascadia Wildlands, Center for Biological Diversity, Citizens for Renewables, Friends of Living Oregon Waters, Oregon Physicians for Social Responsibility, Oregon Wild, Oregon Women's Land Trust, Sierra Club, and Waterkeeper Alliance*

15

/s/ Megan Gibson
Megan C. Gibson
David Bookbinder
Ciara Wren Malone
Niskanen Center
820 First Street, NE, Suite 675
Washington, DC 20002
(202) 810-9260
mgibson@niskanencenter.org
dbookbinder@niskanencenter.org
cmalone@niskanencenter.org

*Attorneys for Landowner Petitioners*

/s/ Gillian Giannetti
Gillian Giannetti
  Staff Attorney
Natural Resource Defense Council
1152 15th Street, NW, Suite 300
Washington, DC 20005
(202) 717-8350
ggiannetti@nrdc.org

Ann Alexander
  Senior Attorney
Natural Resource Defense Council
111 Sutter Street
21st Floor
San Francisco, CA 94104
(415) 875-6190
aalexander@nrdc.org

*Attorneys for the Natural Resources Defense Council, Inc.*

16

/s/ Beth Pacella
Beth G. Pacella
  Deputy Solicitor
Federal Energy Regulatory Commission
888 First Street, NE
Washington, DC 20426
(202) 502-6048
beth.pacella@ferc.gov

*Attorneys for Respondent Federal Energy Regulatory Commission*

/s/ Jeremy Marwell
Jeremy C. Marwell
Christopher J. Terhune
James T. Dawson
Vinson & Elkins LLP
2200 Pennsylvania Ave, NW, Suite 500 W
Washington, DC 20037
(202) 639-6507
jmarwell@velaw.com
cterhune@velaw.com
jamesdawson@velaw.com

*Attorneys for Respondent-Intervenor Jordan Cove Energy Project L.P. and Pacific Connector Gas Pipeline, LP*

## **CERTIFICATE OF COMPLIANCE**

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Garamond.

/s/ Philip Thoennes
Philip M. Thoennes

Dated:  November 19, 2020

18

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 19, 2020, I electronically filed the foregoing

with the Clerk of Court for the United States Court of Appeals for the District of

Columbia Circuit through this Court's CM/ECF system, which will serve a copy on

all registered users.


/s/ Philip Thoennes
Philip M. Thoennes


Dated:  November 19, 2020